# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| **IUE-CWA, LOCAL 901,** *on behalf of* | ) | |
| *itself and on behalf of all others* | ) | |
| *similarly situated,* | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:19-cv-00389-HAB-SLC** |
| | ) | |
| **SPARK ENERGY, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>OPINION AND ORDER</u>

Before the Court is Defendant's motion for leave to file an amended notice of removal

filed on September 23, 2019. (ECF 7). Specifically, Defendant requests to amend its notice of

removal to explicitly state the amount in controversy at issue. (*Id.*). The Court however finds

that neither Defendant's initial notice of removal (ECF 1), nor its proposed amended notice of

removal (ECF 7-1), properly establishes that the Court has diversity jurisdiction over this matter.

As such, the Court DENIES Defendant's motion without prejudice.

### A. Background

On September 9, 2019, Defendant removed this case from Allen County Superior Court

pursuant to 28 U.S.C. §§ 1441, 1446, on the grounds of diversity of citizenship under 28 U.S.C.

§ 1332. (ECF 1). Plaintiff, in its state court complaint, alleges that Defendant engaged in a

series of unfair and deceptive marketing and pricing practices. (ECF 3 ¶¶ 1, 2). As such,

Plaintiff seeks relief for itself and a putative class of Defendant's customers under the Indiana

Consumer Sales Act, Ind. Code § 24-5-0.5. (ECF 3 ¶ 4). In its initial notice of removal,

Defendant asserts that it is a limited liability company (LLC) and is a citizen of Texas and

Delaware for purposes of diversity. [1]  (ECF 1 ¶ 7.b).  Both the initial notice and the proposed

notice, however, only state that "Plaintiff IUE-CWA Local 901 is a labor union of workers

located in Fort Wayne, Indiana."  (ECF 3 ¶ 7.a; ECF 7-1 ¶ 7.a).

## B.  Applicable Law

As mentioned, Defendant removed this case from the Allen County Superior Court

pursuant to 28 U.S.C. §§ 1441, 1446, on the grounds of diversity of citizenship under 28 U.S.C.

§ 1332.  Specifically, Defendant asserts that the Court has jurisdiction over this matter pursuant

to the Class Action Fairness Act ("CAFA") as incorporated in 28 U.S.C. § 1332(d).  (ECF 7 at

1).

CAFA gives the district courts original jurisdiction over civil class action lawsuits if "the

general requirements for CAFA jurisdiction are met:  minimal diversity exists between the

parties, the class exceeds 100 members, and . . . the amount in controversy exceeds $5 million . .

. ."  *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617 (7th Cir. 2012) (citations

omitted); *see* 28 U.S.C. § 1332(d)(2), (5); *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S.

---

[1] As to the citizenship of Defendant Spark Energy LLC, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members."  *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).  Moreover, citizenship of an LLC must be "traced through multiple levels if any of its members is itself a . . . LLC" as anything less can result in a dismissal or remand for want of jurisdiction.  *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).  Here Defendant's sole member Spark Holdco, LLC, whose members are in turn Spark Energy, Inc.; Retailco, LLC; and NuDevco Retail, LLC ("NuDevco Retail"). (ECF ¶ 7.b).  NuDevco Retail's sole member is NuDevco Retail Holdings LLC, the sole member of which is Electric HoldCo, LLC, the sole member of which is TxEx Energy Investments, LLC ("TxEx").  (*Id.*).  TxEx is also the sole member of Retailco, LLC.  The sole member of TxEx is W. Kieth Maxwell, III, a citizen of Texas.  (*Id.*). Tracing Spark Energy, LLC's citizenship through its multiple levels of ownership and control, the Court is left with Spark Energy, Inc., and W. Kieth Maxwell.  As to Spark Energy, Inc., corporations "are deemed to be citizens of the state in which they are incorporated and of the state in which they have their principal place of business."  *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (emphasis added); *see* 28 U.S.C. § 1332(c)(1).  Defendant asserts that Spark Energy Inc., is a Delaware corporation with its principal place of business in Texas.  (ECF ¶ 7.b).

588, 592 (2013). Minimal diversity, as opposed to complete diversity, only requires "just one party with citizenship different from all others." *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 676 (7th Cir. 2006); *see also Dancel v. Groupon, Inc.*, No. 19-1831, 2019 WL 5057669, at *1 (7th Cir. Oct. 9, 2019) ("CAFA permits removal of a proposed class action to federal court as long as there is minimal diversity, meaning just one member of the plaintiff class needs to be a citizen of a state different from any one defendant.").

Similar to the citizenship of an LLC, a membership association such as a "a labor union has the citizenship of every member" of the association. *Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equip. Co.*, 759 F.3d 787, 788 (7th Cir. 2014) (citing *United Steelworkers of America v. R.H. Bouligny, Inc.*, 382 U.S. 145 (1965)). As the party seeking to invoke federal diversity jurisdiction, Defendant bears the burden of demonstrating that CAFA's requirements have been met. *Appert*, 673 F.3d at 617 (citations omitted) ("The party invoking federal jurisdiction bears the burden of demonstrating its existence.").

## C. Analysis

Defendant's assertion that "Plaintiff IUE-CWA Local 901 is a labor union of workers located in Fort Wayne, Indiana" (ECF 1 ¶ 7.a; ECF 7-1 ¶ 7.a), is obviously insufficient to establish minimal diversity. *See Zapata v. Law Co., Inc.*, No. 12-3243, 2013 WL 12205971, at *2 (C.D. Ill. Sept. 6, 2013) (finding the assertion that "[the defendant] is a Labor Union [*sic*] group based in Springfield, Illinois" was "jurisdictionally insufficient"); *see also id.* ("Because the Amended Complaint does not identify the citizenship of each of the Defendant's members, it has failed to properly invoke diversity of citizenship jurisdiction."). As such, Defendant has

failed to meet its burden of demonstrating that CAFA's diversity requirements are met in either its initial notice of removal (ECF 1) or its proposed amended notice (ECF 7-1).

### D. Conclusion

Accordingly, Defendant's motion (ECF 7) is DENIED without prejudice. Defendant is ORDERED to file an amended notice of removal that satisfies CAFA's diversity requirements and is afforded up to and including October 30, 2019, to do so.

SO ORDERED.

Entered this 16th day of October 2019.

/s/ Susan Collins         
Susan Collins
United States Magistrate Judge